LEOPOLD EBERLEIN v. JENNIE S. RANDALL and Another.[1]

December 14, 1906.

Nos. 15,000—(103).

Action in the district court for Hennepin county against Jennie S. Randall and Jennie S. Randall, as administratrix of the estate of Reuben W. Randall, deceased, to recover $754.02 for alleged false representations as to a contract for the sale of real estate. The action was tried before Elliott, J., who found that defendants were entitled to rescission of the contract and recovery of possession. From a judgment entered pursuant to the findings of Elliott, J., and the supplemental findings and order of Holt, J., plaintiff appealed. Affirmed.

*A. C. Middelstadt,* for appellant.
*Wilson & Mercer,* for respondents.

PER CURIAM.[2]

Plaintiff and appellant brought an action which he elected to treat as an action to recover damages for deceit based on alleged false representations made by defendant and respondent as to a contract for the sale of land. Plaintiff had been in the possession of all the premises except a strip constituting one-

[1]Reported in 109 N. W. 1133.
[2]ELLIOTT, J., having tried the case in the court below, took no part.

seventy-fifth part of the premises, for more than a year when he defaulted in monthly payments, under the contract.

The court found as a matter of fact, "that the allegations of fraud and misrepresentation in said complaint were wholly untrue." This finding was abundantly sustained by the evidence, and determined plaintiff's inability to recover in this form of action. The court consistently concluded that defendants were entitled to the relief prayed for in their cross-bill and therefore terminated the contract, allowed defendants to retain all payments made under it, and restored to them the right of possession. By its terms the order for judgment gave the plaintiff ninety days within which to completely reinstate himself under the contract by paying all arrearages in accordance with it, less $50 for damages because of the deficiency in the lot, which had previously been properly found to have been the value of the part of the premises to which defendants had no title.

The plaintiff did not make these payments within the ninety days. After hearing, upon notice, the court made supplemental findings to that effect and directed judgment to be entered according to its original conclusions of law. That practice, although, perhaps, more elaborate than was strictly required, fully protected the plaintiff, and was legally sufficient.

The defendants prevailed upon their cross-bill; the costs were therefore properly imposed upon the plaintiff.

Judgment affirmed.